UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AYLALIYA ASSEFA BIRRU,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM BARR,<br><br>Respondent. | No.  2:20-cv-00890-TLN-DB<br><br><br>**ORDER** |

This matter is before the Court on Petitioner Aylaliya Assefa Birru's ("Petitioner") "Emergency Request for Release from Custody Due to COVID-19 Pandemic" (ECF No. 2), which the Court construes as a Petition for a Writ of Habeas Corpus in accordance with the Ninth Circuit's April 30, 2020 Order (*see* ECF No. 1).  For the reasons stated herein, the Petition is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1       **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2              A.      Petitioner's Immigration to the U.S.

3       Petitioner is a 35-year-old native and citizen of Ethiopia.  (ECF No. 3 at 2.)  She first

4    entered the United States on a temporary visa in approximately 1999, in an effort to escape the

5    violence of the Eritrean-Ethiopian War.  (ECF No. 2 at 9.)  In 2009, Petitioner returned to

6    Ethiopia in order to care for her ill mother.  (*Id.* at 31.)  In 2011, Petitioner met S.D., a United

7    States soldier who was stationed in Ethiopia.  (*Id.* at 32.)  Petitioner married S.D. in 2012,

8    obtained lawful permanent resident status, and returned to the United States in 2014.  (*Id.* at 34–

9    35.)  From April 2014 until December 2014, Petitioner alleges that she suffered a pattern of grave

10   abuse at the hands of S.D., including physical violence and rape.  (*Id.* at 2–3, 35–46.)

11             B.      Petitioner's Criminal Conviction

12      On December 14, 2014, Petitioner was arrested for the assault of S.D. with a firearm.  (*Id.*

13   at 3, 48–50.)  Petitioner pleaded no contest and was convicted under California Penal Code §

14   245(a)(2) for assault with a firearm.  (ECF No. 3 at 4.)  Petitioner received a sentence of six years,

15   which included a three-year enhancement under California Penal Code § 12022.7(e) for infliction

16   of great bodily injury under circumstances involving domestic violence.  (*Id.* at 5.)

17             C.      Petitioner's Immigration Proceedings

18      Petitioner was released from prison on parole and taken into Immigration and Customs

19   Enforcement ("ICE") custody on November 27, 2018.  (*Id.*)  That same day, the Department of

20   Homeland Security ("DHS") initiated removal proceedings against Petitioner pursuant to 8

21   U.S.C. § 1227(a)(2)(A)(iii), which deems "[a]ny alien who is convicted of an aggravated felony

22   at any time after admission" to be removable.  (*Id.*)  Petitioner applied for asylum, withholding of

23   removal, protection under the Convention Against Torture ("CAT"), and special rule cancellation

24   of removal pursuant to the Violence Against Women Act.  (*Id.*); 8 U.S.C. § 1229b(b)(2).  On

25   February 4, 2019, an immigration judge sustained the removability charge and denied Petitioner's

26   applications for asylum, withholding of removal, and CAT protection.  (ECF No. 3 at 6.)

27   Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals

28   */ / /*

1   ("BIA").  (*Id.*)  On October 3, 2019, the BIA upheld the immigration judge's decision and

2   dismissed Petitioner's appeal.  (*Id.*)

3         Petitioner then filed a petition for review in the Ninth Circuit.  (ECF No. 2 at 4; ECF No.

4   3 at 6); *Birru v. Barr*, No. 19-72758 (9th Cir. 2019).  Petitioner also filed a motion for stay of

5   removal.  (*Id.*)  On February 28, 2020, the Ninth Circuit granted a stay of removal to Petitioner

6   and ordered that counsel be appointed.  (*Id.*; *see also* ECF No. 1 at 1.)  That appeal remains

7   pending.

8         While Petitioner's appeal in the Ninth Circuit was pending, she sought a bond hearing

9   with the immigration judge, seeking release from custody based on her prolonged detention,

10  which was likely to continue for the foreseeable future, and the Ninth Circuit's issuance of a stay

11  of removal.  (*See* ECF No. 3 at 4.)  The immigration judge denied Petitioner's request.  (*Id.*; *see*

12  *also* ECF No. 2 at 15.)  Petitioner then filed an appeal of the immigration judge's denial of the

13  bond hearing with the BIA.  *See Birru v. Barr* (*Birru I*), No. 5:20-cv-01285-LHK (N.D. Cal.

14  2020), ECF No. 20.  That appeal remains pending before the BIA.  (*Id.*)

15            D.     Petitioner's Parallel Habeas Action in the Northern District of California

16        On February 20, 2020, Petitioner initiated a federal habeas corpus action in the United

17  States District Court for the Northern District of California.  Petitioner's First Amended Petition

18  argued her prolonged detention without a bond hearing was unlawful under 8 U.S.C. § 1226(a),

19  violated due process under the Fifth Amendment, and violated substantive due process.  (ECF No.

20  3 at 4–5, 7); *Birru I*, No. 5:20-cv-01285-LHK, ECF Nos. 1, 4, 20.  Petitioner filed a Motion for

21  Temporary Restraining Order ("TRO") on March 24, 2020, seeking immediate release on the

22  basis that she is particularly vulnerable to COVID-19, and that Petitioner's conditions of

23  confinement therefore violate the Fifth Amendment.  *Id.* at ECF No. 5.  On April 17, 2020, the

24  court granted Petitioner's request for a bond hearing, denied Petitioner's request for immediate

25  release from ICE custody, and denied Petitioner's Motion for TRO as moot.  *Id.* at ECF No. 20.

26  Having partially granted the Petition, the court entered judgment for Petitioner and closed the

27  case.  *Id.* at ECF No. 22.  On May 1, 2020, Petitioner filed a Notice of Appeal to the Ninth

28  / / /

1   Circuit.  *Id.* at ECF No. 23; *Birru v. Barr*, No. 20-15848 (9th Cir. 2020).  That appeal is currently

2   pending.

3           E.      The Instant Petition

4           Meanwhile, on April 1, 2020, Petitioner filed a motion captioned "Emergency Request for

5   Release from Custody Due to COVID-19 Pandemic" in her Ninth Circuit case, No. 19-72758.

6   (*See* ECF No. 2.)  The gravamen of Petitioner's Motion is that she should immediately be

7   released from immigration custody because she is at a heightened risk of contracting the COVID-

8   19 virus, and her continued detention without a bond hearing under 8 U.S.C. §§ 1226(c) is

9   unlawful.  (ECF No. 2 at 7–16.)

10          On April 30, 2020, the Ninth Circuit issued an Order construing Petitioner's Motion as a

11   Petition for a Writ of Habeas Corpus, to be considered under 28 U.S.C. § 2241.  (ECF No. 1 at 2.)

12   Accordingly, the Ninth Circuit ordered the case be transferred to the Eastern District of

13   California.  (*Id.*)

14   **II.     STANDARD OF LAW**

15          A.      28 U.S.C. § 2241

16          Federal courts retain habeas jurisdiction over constitutional claims and claims raising

17   questions of law under 28 U.S.C. § 2241 that do not challenge any final order of removal.  *See*

18   *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d

19   1157, 1160 (9th Cir. 2011); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011) ("[C]laims that

20   the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court

21   on habeas because they fit comfortably within the scope of § 2241."); *Flores-Torres v. Mukasey*,

22   548 F.3d 708, 711 (9th Cir. 2008).

23          B.      Duplicative Actions

24          Federal courts "retain broad powers to prevent duplicative or unnecessary litigation."

25   *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Where a petitioner files more than one suit in more

26   than one district with similar claims, parties, and relief, "the court has discretion to abate or

27   dismiss the second action."  *Id.*; *see also Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93,

28   95 (9th Cir. 1982) (holding dismissal is proper "when a complaint involving the same parties and

4

1    issues has already been filed in another district"); *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th

2    Cir. 1989) ("It is enough if the two proceedings are 'substantially similar.'"); *Adams v. Cal. Dep't*

3    *of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (affirming the dismissal of a later-filed

4    duplicative lawsuit).  Federal comity and judicial economy thus give rise to rules which allow a

5    district court to transfer, stay, or dismiss an action when a similar complaint has already been

6    filed in another federal court.  *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 624 (9th

7    Cir. 1991); *see also Garza v. Unknown*, No. 1:08-cv-01307 GSA, 2009 WL 197528 (E.D. Cal.

8    Jan. 27, 2009) (dismissing habeas petition as duplicative where it sought to challenge same

9    conviction as earlier petitions that had been dismissed for failure to state a claim).

10        **III.   ANALYSIS**

11        Here, Petitioner argues the conditions of her confinement — namely, inadequate cleaning

12   and hygiene practices in the Yuba County Jail that create a heightened risk of COVID-19

13   infection — violate her constitutional rights.  (ECF No. 2 at 5–12 (citing *Helling v. McKinney*,

14   509 U.S. 25, 36 (1993).)  Petitioner further argues she is at greater risk of contracting the COVID-

15   19 virus because she has a compromised immune system resulting from the post-traumatic stress

16   disorder ("PTSD") caused by domestic violence and sexual assault, plus the childhood trauma of

17   growing up in the midst of the Eritrean-Ethiopian war.  (ECF No. 2 at 6, 9, 13–14.)  With respect

18   to her challenge to bond proceedings, Petitioner appears to request immediate release from

19   custody on the basis that she was denied a bond hearing under 8 U.S.C. § 1226(a) and continues

20   to be wrongfully detained under 8 U.S.C. § 1226(c).[1]  (*See* ECF No. 2 at 14–16.)

21        Respondent opposes the Motion, arguing Petitioner has failed to establish any imminent

22   threat of contracting COVID-19 at the Yuba County Jail.  (*See* ECF No. 3 at 8, 12–16.)  Further,

23   Respondent argues Petitioner's bond and detention challenges are more appropriately addressed

24   / / /

25   _____

26   [1]     As it relates to her bond challenge, Petitioner's Motion, originally filed in the Ninth
     Circuit, seeks release from custody in the form of injunctive relief under Federal Rule of

27   Appellate Procedure 23 and the All Writs Act, 28 U.S.C. § 1651(a).  The Court, however,
     construes the Motion as a Petition for Habeas Relief under 28 U.S.C. § 2241, as directed by the

28   Ninth Circuit (*see* ECF No. 1).

1  in the district court, where Petitioner had already filed a petition and motion for TRO on the same

2  grounds.[2]  (ECF No. 3 at 8–10.)

3      As both parties note, Petitioner filed a habeas petition in the Northern District of

4  California, *Birru v. Barr, et al.*, No. 5:20-cv-01285-LHK (N.D. Cal. 2020), on February 20, 2020.

5  William P. Barr is also a named respondent in that case.  On April 17, 2020, the court issued an

6  order addressing both the petition and the subsequently-filed motion for TRO.  *Birru I*, No. 5:20-

7  cv-01285-LHK, 2020 WL 1905581 (N.D. Cal. Apr. 17, 2020).  Specifically, the order addresses

8  Petitioner's request for a bond hearing or immediate release, her argument that her continued

9  detention without a bond hearing is unconstitutional, and her argument that her PTSD condition

10 renders her vulnerable to COVID-19 such that the conditions of her confinement are

11 unconstitutional.  These are essentially the same issues raised in the instant motion.  Moreover,

12 the Northern District Court's order adjudicated those matters, rendering the instant motion both

13 moot and duplicative, as follows.

14      A.    Unlawful Detention Under 8 U.S.C. § 1226(c)

15      With respect to Petitioner's bond hearing argument, the Northern District Court

16 determined that detention authority had shifted from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1226(a)

17 because the BIA dismissed Petitioner's appeal of the removal order and her petition for review is

18 pending before the Ninth Circuit.  *Birru I*, 2020 WL 1905581, at *4–6 (citing *Casas-Castrillon v.

19 Dep't of Homeland Sec.*, 535 F.3d 942, 948 (9th Cir. 2008) (holding that, once the BIA issues a

20 final removal order and the petitioner seeks judicial review of the removal, detention authority

21 shifts from § 1226(c) to § 1226(a))).  The court therefore found Petitioner is automatically

22 entitled to a bond hearing under § 1226(a) and ordered the respondents to "provide Petitioner with

23 a bond hearing before an Immigration Judge who has the power to grant Petitioner's release on

24 bond if Respondents fail to establish 'by clear and convincing evidence that [Petitioner] is a flight

25 _____

[2]  Respondent's Opposition identifies the parallel habeas case pending in the Northern
26 District of California and argues Petitioner's Motion is best addressed by the district courts, in
general, rather than the Ninth Circuit.  Nevertheless, as reviewed by this Court, Respondent's
27 argument appears equally applicable to a finding that Petitioner's request(s) are properly
addressed by the Northern District of California, and are in fact presently pending before that
28 court.

6

1    risk or a danger to the community.'"  *Id.* at *6–8.  The deadline for the respondents to provide

2    Petitioner with a bond hearing is May 18, 2020.  *See id.* at *8.

3         Because the Northern District Court's order granted Petitioner's request for a bond

4    hearing, this Court finds Petitioner's request for release premised on the argument that she was

5    wrongfully denied a bond hearing under § 1226(c) is both moot and duplicative of the Northern

6    District Court's order.  *Slack*, 529 U.S. at 478; *Alltrade, Inc.*, 946 F.2d at 624; *see also Akinola v.*

7    *Kline*, No. CV-17-02975-PHX-DJH, 2018 WL 3094174, at *2–3 (D. Ariz. June 22, 2018)

8    (dismissing Arizona petition seeking relief under 8 U.S.C. § 1226(a) as moot and duplicative of

9    petition filed in New Jersey which adjudicated the same issues).  As such, her request is

10   DENIED.

11              B.      Risk of Contraction of COVID-19 Virus

12        As to Petitioner's argument that she be released immediately due to the serious risk of her

13   contracting the COVID-19 virus (ECF No. 2 at 7–14, 17–18), the Northern District Court's order

14   denied Petitioner's TRO based on her COVID-19 arguments as moot and closed the case.  *Birru*

15   *I*, 2020 WL 1905581, at *8.  Petitioner has appealed this final order of the Northern District case

16   and her appeal is currently pending before the Ninth Circuit.  *Birru*, No. 20-15848.

17        Here, the Court finds Petitioner's request for immediate release due to the COVID-19

18   virus has already been adjudicated in the Northern District of California.  As such, any ruling by

19   this Court could result in multiple and inconsistent results.  *See Griggs v. Provident Consumer*

20   *Discount Co.*, 459 U.S. 56, 58 (1982) ("[I]t [is] generally understood that a federal district court

21   and a federal court of appeals should not attempt to assert jurisdiction over a case

22   simultaneously."); *Natural Resource Defense Council, Inc. ("NRDC") v. Southwest Marine Inc.*,

23   242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is

24   divested of jurisdiction over the matters being appealed.").  Accordingly, dismissal of Petitioner's

25   second, duplicative Petition is appropriate.

26        **IV.    CONCLUSION**

27        For the aforementioned reasons, the Court DENIES Petitioner's request for release as both

28   moot and duplicative of her Northern District of California case, *Birru v. Barr*, No. 5:20-cv-

01285-LHK (N.D. Cal. 2020), which is currently on appeal.  As such, Petitioner's Petition is DISMISSED.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED:  May 8, 2020

Troy L. Nunley
United States District Judge